IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**VIVIAN LEWIS,**

      **Plaintiff,**

v.                                CIVIL ACTION NO. 3:21-cv-00311

**UNITED STATES DEPARTMENT
OF AGRICULTURE
RURAL HOUSING SERVICE,**

      **Defendant.**

## COMPLAINT

1.    This case involves a special mortgage loan offered through the United States Department of Agriculture's Rural Housing Service ("RHS"), designed to provide low-income households the opportunity to own their own home when they would otherwise lack the financial resources to do so. Plaintiff Vivian Lewis regularly paid her mortgage payment to Defendant RHS, paid her property taxes to the Sheriff of Wayne County, and paid her homeowner's insurance premium to State Farm. However, in December 2018, Defendant RHS assessed Plaintiff's account $2,558.34, allegedly for force-placed insurance and property taxes. Defendant RHS then instituted a repayment plan and an escrow account, thereby increasing Plaintiff's payment effective March 2019. Not only was Defendant RHS in error to institute an escrow account, Defendant RHS failed to provide notice or an escrow account analysis alerting Plaintiff to the increased payment. As a result, while Plaintiff has continually paid her regular monthly payment, Defendant RHS has accelerated the loan, placed Plaintiff in foreclosure, and is refusing to accept any payment less than the loan balance. By incorrectly instituting an escrow account and failing to provide proper notice to Plaintiff, Defendant RHS has deprived Plaintiff of her due process rights and otherwise violated

1

the parties' contract and the applicable law. Plaintiff brings this action to save her home and for other appropriate relief.

## JURISDICTION

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).

3. Venue is proper in this Court because the actions complained of occurred, and the real estate at issue is located, in Wayne County, West Virginia, within the geographical boundaries of this district.

## PARTIES

4. Plaintiff Vivian Lewis lives with her husband and two grandchildren at 1024 Ridge Court, Wayne, Wayne County, West Virginia 25570.

5. Defendant United States Department of Agriculture Rural Housing Service is an agency of the federal government headquartered at 1400 Independence Avenue, S.W., Room 5014, Washington, DC 20250-0701. Defendant RHS is the servicer and lender of Plaintiff's mortgage loan.

## STATEMENT OF FACTS

**Plaintiff Assumes Mortgage Loan**

6. On January 7, 1997, Plaintiff entered into an Assumption Agreement with Defendant RHS, whereby Plaintiff assumed responsibility for the loan Defendant RHS made to her mother Thelma Adkins in connection with the purchase of the property located at 1024 Ridge Court, Wayne, Wayne County, West Virginia 25570.

7. Defendant RHS entered the initial loan agreement and Deed of Trust with Plaintiff's mother Thelma Adkins on April 16, 1993, for an initial principal amount of $40,000.

8. The subject loan was originated pursuant to Defendant's Single Family Housing Program, which provides low- and moderate-income households the opportunity to own adequate, modest, decent, safe and sanitary dwellings as their primary residence in eligible rural areas.

**Defendant Fails to Apply Payments**

9. Plaintiff's regularly monthly principal and interest payment on the subject mortgage loan is $281.00.

10. Plaintiff pays her property taxes and her homeowner's insurance premium directly and without use of an escrow account.

11. Plaintiff's regular monthly payment is due the 16th of each month.

12. As of December 2018, Plaintiff was current on her monthly payments to Defendant RHS.

13. (a) On December 21, 2018, Plaintiff made a payment of $300.00.

    (b) Defendant RHS applied $281.00 of the payment to the monthly installment due December 16, 2018.

    (c) Defendant RHS applied the additional payment of $19.00 to further reduce the principal balance.

14. (a) On January 31, 2019, Plaintiff made a payment of $300.00.

    (b) Defendant RHS applied $281.00 of the payment to the monthly installment due January 16, 2019.

    (c) Defendant RHS applied the additional payment of $19.00 to further reduce the principal balance.

15. (a) On February 22, 2019, Plaintiff made a payment of $300.00.

  (b) Defendant RHS applied $281.00 of the payment to the monthly installment due February 16, 2019.

  (c) Defendant RHS applied the additional payment of $19.00 to further reduce the principal balance.

16. (a) On March 22, 2019, Plaintiff made a payment of $300.00.

  (b) Unbeknownst to Plaintiff, Defendant RHS held Plaintiff's payment in an "unapplied funds" account rather than apply the payment to then-due monthly installment for March 16, 2019.

17. (a) On April 19, 2019, Plaintiff made a payment of $300.00, intended to be applied to the April 16, 2019 monthly installment payment.

  (b) However, unbeknownst to Plaintiff, Defendant RHS combined Plaintiff's April payment with the unapplied funds from Plaintiff's March payment and applied a payment of $502.85 to the March 16, 2019 installment payment.

  (c) Defendant RHS applied $281.00 to the principal and interest payment due for March 2019, $106.43 to escrow, and $115.42 to "fees."

18. Plaintiff continued making regular monthly principal and interest payments of $281.00 through 2019.

19. Defendant RHS held each of Plaintiff's payments in "unapplied funds" until sufficient funds accumulated to apply a monthly payment of $502.85.

20. Defendant RHS failed to provide Plaintiff with any monthly statement or other correspondence informing her that her payment increased from $281.00 per monthly installment to $502.85 per monthly installment.

**Defendant Accelerates Loan and Returns Payments**

21. On December 19, 2019, Defendant RHS issued Plaintiff a Notice of Acceleration and Notice of Intent to Foreclose.

22. Following issuance of the Notice of Acceleration, Defendant RHS returned each of Plaintiff's payments, including:

    a. $300.00 made on January 13, 2020;

    b. $300.00 made on January 31, 2020;

    c. $281.00 made on April 2, 2020;

    d. $300.00 made on May 1, 2020;

    e. $300.00 made on May 11, 2020;

    f. $150.00 made on May 18, 2020;

    g. $300.00 made by check dated June 2, 2020;

    h. $300.00 made by check dated June 11, 2020;

    i. $300.00 made by check dated July 9, 2020;

    j. $300.00 made by check dated October 8, 2020;

    k. $502.00 made by check dated October 14, 2020;

    l. $503.00 made by check dated November 10, 2020; and

    m. $503.00 made by check dated November 16, 2020.

23. (a) By letter dated February 4, 2020, Defendant RHS returned Plaintiff's payment of $300.00 made by check dated January 13, 2020.

    (b) Defendant RHS's February 4, 2020 letter explains that it was "unable to process [Plaintiff's] payment because [Plaintiff's] account is currently in foreclosure."

  (c) Plaintiff did not receive Defendant RHS's February 4, 2020 letter until late May 2020. Her street address is handwritten on the letter, while the remainder of her address and the letter itself is typewritten.

  (d) Defendant RHS's February 4, 2020 letter was the first Plaintiff learned that she was behind or in default on her loan.

**Defendant Erroneously Establishes Escrow Account**

 24. (a) In May 2020, immediately upon receipt of Defendant RHS's February 4, 2020 letter, Plaintiff called Defendant RHS.

  (b) Defendant RHS explained that Plaintiff's payment had increased to $502.85 effective March 2019, to include an escrow account for the payment of property taxes and homeowner's insurance.

  (c) This phone call was the first time Defendant RHS informed Plaintiff that her payment had increased.

  (d) Defendant RHS further informed Plaintiff that it did not have her address.

 25. Plaintiff did not understand why Defendant RHS had instituted an escrow account because she paid her own property taxes and homeowner's insurance prior to Defendant RHS implementing an escrow account.

 26. Indeed, Plaintiff has had homeowner's insurance covering the subject property with State Farm continuously since 1997.

 27. Plaintiff pays State Farm monthly for the premium.

 28. Plaintiff's insurance policy includes Defendant RHS as the mortgagee.

 29. Plaintiff regularly paid her property taxes to the Wayne County Sheriff, and had paid the 2017 taxes on May 31, 2018.

**Request for Information**

30.     By letter dated June 10, 2020, Plaintiff sent Defendant RHS a request for information from her account, including documentation about escrow accounting and a complete account record to understand why her payment increased despite that she had her own homeowner's insurance at all times.

31.     (a)     By letter dated July 29, 2020, Defendant RHS provided Plaintiff with a payment history from December 2018 to present.

        (b)     The payment history provided by Defendant RHS indicates that Plaintiff's regular monthly payment increased effective March 2019, but does not show funds were paid toward taxes or insurance prior to January 2019, when Defendant RHS paid $200.59 in property taxes.

32.     (a)     Therefore, by letter dated August 13, 2020, Plaintiff, by counsel, again requested from Defendant RHS "copies of any and all notices about property taxes or insurance sent by you to the borrower, as well as any escrow statements or other documentation that this payment increase was communicated to [Plaintiff.]"

        (b)     Plaintiff further requested an explanation for the $115.42 fee added to each monthly payment starting with the March 2019 payment.

33.     (a)     By letter dated October 9, 2020, Defendant RHS explained that an initial escrow account in the amount of $2,558.34 was applied to Plaintiff's account in December 2018 due to Force Placed Insurance.

        (b)     Defendant RHS explained that those funds are to be repaid by borrower at an interest rate of 7.75% over 24 months, resulting in the "fee" of $115.42 per month.

(c) Defendant RHS failed to provide copies of any notices, statements, or escrow analysis demonstrating that the creation of an escrow account and resulting increase in payment was communicated to Plaintiff.

34. As a result of Defendant RHS's failure to communicate to Plaintiff the initiation of an escrow account, not only did Plaintiff fall behind in payments resulting in the acceleration of her loan, she was unable to challenge Defendant RHS's creation of an escrow account when she had her own homeowner's insurance policy and was current on property taxes.

**Damages**

35. Defendant's conduct is inconsistent with its responsibilities under the applicable contract, regulations, and other applicable law.

36. As a result of Defendant's conduct, Plaintiff has suffered economic loss, worry and stress, annoyance and inconvenience, and fear of loss of her home.

## CLAIMS FOR RELIEF

### COUNT I—VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

37. Plaintiff incorporates all of the preceding paragraphs by reference.

38. The Administrative Procedures Act provides that a reviewing court may "hold unlawful and set aside agency action . . . found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

39. Applicable regulations require Defendant RHS to follow the Real Estate Settlement and Procedures Act of 1974 ("RESPA") in establishing and/or administering an escrow account. See 7 C.F.R. § 3550.155.

40. RESPA requires that a servicer "shall submit an initial escrow account statement to a borrower within 45 calendar days of the date of establishment of the escrow account." See 12 C.F.R. § 1024.17(g)(2).

41. RESPA further requires annual escrow account statements. See 12 C.F.R. § 1024.17(i).

42. After January 10, 2014, the Truth in Lending Act via Regulation Z at 12 C.F.R. § 1026.41 requires periodic monthly statements.

43. Defendant RHS failed to provide Plaintiff with an initial escrow statement, subsequent annual escrow account statements, or periodic monthly statements.

44. Defendant RHS improperly applied Plaintiff's payments, failed to apply Plaintiff's payments against amounts due, and arbitrarily accelerated her loan in advance of foreclosure. Defendant RHS's servicing of the loan in violation of the contract, the regulations and consumer protection statutes applicable to her loan, and industry practice was arbitrary, capricious, and/or an abuse of discretion.

45. Plaintiff has been harmed by Defendant's failure to provide her with these required statements, including by having her payments diverted to the payment of improper force-placed insurance policies; having her payments unapplied and refused; and having her loan accelerated.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Declaratory and injunctive relief, including unwinding the acceleration on December 19, 2019 and correcting Plaintiff's account, including recalculating any escrow account with the removal of improperly placed hazard insurance;

(b) Reasonable attorney's fees and the costs of this action; and

(c) Such other relief as the Court deems equitable or just.

**COUNT II—DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW**

46. Plaintiff incorporates the preceding paragraphs by reference.

47. Plaintiff has a recognized constitutional right to due process prior to the deprivation of her property interest in her home.

48. Defendant's acts and failures to act described above deprived Plaintiff of rights guaranteed her by the Constitution and federal law, including her right not to be deprived of her property without notice and due process of law, in violation of the Fifth Amendment of the United States Constitution.

49. As more fully set forth above, Defendant failed to provide Plaintiff with an initial escrow account analysis, subsequent annual escrow account statements, notice of the force-placement of insurance, or periodic monthly statements prior to accelerating Plaintiff's loan which would deprive Plaintiff of her home.

50. Plaintiff has been harmed by Defendant's failure to provide her the required notices and escrow analysis.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Declaratory and injunctive relief, including unwinding the acceleration on December 19, 2019 and correcting Plaintiff's account, including recalculating any escrow account with the removal of improperly placed hazard insurance;

(b) Reasonable attorney's fees and the costs of this action; and

(c) Such other relief as the Court deems equitable or just.

**COUNT III—BREACH OF CONTRACT**

51. Plaintiff incorporates all of the preceding paragraphs by reference.

52. The parties' Deed of Trust incorporates the federal regulations governing RHS loans. See Deed of Trust ¶ 25.

53. Regulations applicable via the Deed of Trust specifically require that Defendant RHS follow RESPA in establishing and administering escrow accounts.

54. After wrongfully failing to provide Plaintiff an initial escrow account analysis, subsequent annual escrow account statements, or notice of the force-placement of insurance, Defendant accelerated Plaintiff's loan and conditioned Plaintiff's right to reinstate on payment of unreasonably and unnecessarily accrued arrearages that would have been avoided had Defendant timely and appropriately notified Plaintiff of the initiation of an escrow account, placement of insurance by Defendant, or the increased payment in accord with the Deed of Trust and applicable regulation.

55. Defendant has a contractual duty to act in good faith in the performance of the contract between the parties such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the benefit of their contract.

56. Defendant breached express contractual terms and its contractual duty of good faith and fair dealing as hereinbefore alleged by allowing Plaintiff's indebtedness to unnecessarily accrue and interfering with Plaintiff's duty to perform and right to receive the benefit of the contract by:

    a. Failing to provide regular billing statements;

    b. Failing to provide Plaintiff notices required, including of Defendant's intent to force-place insurance and initiate an escrow account;

    c. Failing to provide an initial or subsequent escrow analysis;

    d. Failing to apply Plaintiff's payments;

   e. Improperly establishing an escrow account and force-placing homeowner's insurance;

   f. Wrongfully accelerated Plaintiff's loan and proceeding with foreclosure.

57. Plaintiff is harmed by Defendant's failure to provide her the required notices and analysis, including by Defendant improperly assessing her the cost of unnecessary insurance, accelerating her loan and refusing payment such that arrears have accrued, and placing Plaintiff into foreclosure.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

   (a) Declaratory and injunctive relief, including unwinding the acceleration on December 19, 2019 and correcting Plaintiff's account, including recalculating any escrow account with the removal of improperly placed hazard insurance; and

   (b) Such other relief as the Court deems equitable or just.

                    **Plaintiff,**
                    **VIVIAN LEWIS,**
                    **By Counsel:**

/s/ Sarah K. Brown_____
Sarah K. Brown (WVSB # 10845)
Bren J. Pomponio (WVSB # 7774)
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-3144
Facsimile: (304) 344-3145
*Counsel for Plaintiff*